
Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street
Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

Attorneys for Plaintiffs BACKGRID USA, INC. and BESTIMAGE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation, and BESTIMAGE, a foreign business entity,<br><br>   *Plaintiffs*,<br><br>v.<br><br>MICHELE MARIE PUBLIC RELATIONS, LLC, a Delaware limited liability company; KIRAGRACE, LLC, a Delaware limited liability company; SUNCHILD, LLC d/b/a PARADISED, a New York limited liability company; PARKER SMITH, a California company; RAGDOLL LOS ANGELES, LLC, a California limited liability company; MIRANDA FRYE INC., a California corporation; K KANE, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>   *Defendants*. | Case No: 2:19-cv-2525<br><br>**COMPLAINT**<br><br>*Jury Trial Demanded* |

  Plaintiffs BackGrid USA, Inc. and BestImage for their Complaint against Defendants Michele Marie Public Relations, LLC, KiraGrace, LLC, Sunchild, LLC d/b/a Paradised, Parker Smith, Ragdoll Los Angeles, LLC, Miranda Frye Inc., and K Kane LLC allege as follows:

1. This is an action for copyright infringement and breach of contract brought by plaintiffs, the holder of all copyrights to the photographs described below, against all defendants for uses of plaintiffs' photographs without authorization or permission.

## JURISDICTION AND VENUE

2. This is an action for injunctive relief, statutory damages, monetary damages, interest, and attorney fees under the copyright law of the United States.

3. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq.

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

5. This Court has personal jurisdiction over the defendants because, on information and belief, each of them is doing business in the State of California and in this judicial district, and/or because each of them cause injury to plaintiffs and their intellectual property within this judicial district.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) and (b)(2) and § 1400(a).

## PARTIES

7. Plaintiff BackGrid USA, Inc. is an entity organized and existing under the law of California, with its principal place of business in Redondo Beach, California, in this judicial district.

8. Plaintiff BestImage is an entity organized and existing under the law of the country of France, with its principal place of business in Paris, France.

9. BackGrid and BestImage are global premier celebrity news and photo agencies that provide the world's top news outlets with real-time content from some of the world's top photographers.

10. BackGrid and BestImage also maintain libraries of photographs on a diverse range of subjects including celebrities in the music, sports, entertainment, and

fashion industries. BackGrid licenses its photographs to leading magazines, newspapers, and editorial clients throughout the world, including in the United States. BestImage also licenses photographs to leading magazines, newspapers, and editorial client through an arrangement with its exclusive agent BackGrid.

11. Defendant Michele Marie Public Relations, LLC is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business in Los Angeles, in this judicial district. According to its website, Michele Marie PR is a full-service public relations agency specializing in editorial, celebrity, and event-driven press in the fashion, beauty, and lifestyle industries.

12. Defendant Ragdoll Los Angeles LLC is a limited liability company organized and existing under the laws of the State of California with its principal place of business in Los Angeles, in this judicial district. Ragdoll LA is a fashion brand and retail company known for its casual knitwear collection of tees, tanks, sweatshirts, long johns, track pants, and hoodies.

13. Defendant KiraGrace, LLC is limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in San Diego, California. KiraGrace is a designer activewear brand offering sophisticated athletic wear with a commitment to empowering women and giving back.

14. Defendant Sunchild, LLC d/b/a Paradised is a limited liability company organized and existing under the laws of the State of New York with its principal place of business in Brooklyn, New York. Paradised is a designer clothing brand with a cool, downtown urban meets beach aesthetic.

15. Defendant Parker Smith is a company organized and existing under the laws of the State of California with its principal place of business in Vernon, California. Parker Smith is a designer clothing brand for women's jeans.

16. Defendant Miranda Frye Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business in Mission Viejo, California. Miranda Frye is a jewelry designer with pieces available online and at many fine boutiques across the country. Its website touts its popularity among celebrities: "Most recently, [its] pieces have been seen on Bella Hadid, Rita Ora, Whitney Port, Lucy Hale, Jennifer Love Hewitt, Kendall Jenner, Molly Sims, Emma Roberts, Olivia Holt, and Olivia Wilde, Hilary Duff, Shay Mitchell, and Carrie Underwood."

17. Defendant K Kane LLC is a limited liability company organized and existing under the laws of the State of New York with its principal place of business in New York, New York. K Kane is a jewelry designer with "a high touch customer experience." Its website touts its popularity among celebrities: "Celebrity fans of K Kane include Taylor Swift, Mila Kunis, Christina Aguilera, Hailee Steinfeld, Emma Roberts, Brooke Shields, January Jones, Lucy Hale, Selma Blair, Leona Lewis and Molly Sims."

18. Defendants Ragdoll LA, KiraGrace, Paradised, Parker Smith, Miranda Frye, and K Kane are collectively referred to as the Brand Defendants.

19. On information and belief, Michele Marie PR provides public-relations services to each of the Brand Defendants.

20. On information and belief, each of the Brand Defendants pays defendant Michele Marie PR to promote its brand and products, including through the use of press releases and social media posts that call attention to the use of each of its products by celebrities.

21. Plaintiffs are informed and believe and on that basis allege that at all relevant times each of the defendants was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining defendants and was at all times acting within the scope of such relationship, or actively participated in or subsequently ratified and adopted each of the acts alleged, with full knowledge of all

the facts and circumstances, including but not limited to, full knowledge of each and every violation of plaintiff's rights and damages to plaintiff proximately caused by such violation.

## BACKGROUND FACTS

### A. The Infringed Images

22. Plaintiffs are the owners and copyright holders of photographic images (the "Photographs") as follows:

23. *Alicia Vikander Images.* The Alicia Vikander Images are a series of photographs depicting Swedish actress Alicia Vikander traveling through Charles de Gaulle airport outside of Paris wearing Ragdoll LA clothing. The Alicia Vikander Images were registered to BestImage with the U.S. Copyright Office as Registration No. VA 2-084-311 (eff. Dec. 13, 2017), in compliance with the Copyright Act. The Alicia Vikander Images were created by author Nikola kis Derdei and licensed for limited use to the pop-culture multi-media entertainment group Just Jared, which published some of them to its website JustJared.com on October 14, 2017.

24. *Elle Fanning Images*. The Elle Fanning Images are a series of photographs depicting Elle Fanning as she leaves a gym. The Elle Fanning Images were registered to BackGrid with the U.S. Copyright Office as Registration No. VA 2-104-294 (eff. May 23, 2018), in compliance with the Copyright Act.

25. *Cindy Crawford Images.* The Cindy Crawford Images are a series of photographs depicting Cindy Crawford wearing sunglasses after eating at Soho House in Los Angeles. The Cindy Crawford Images were registered to BackGrid with the U.S. Copyright Office as Registration No. VA 2-137-621 (eff. Feb. 5, 2019), in compliance with the Copyright Act.

26. *Alessandra Ambrosio Images*. The Alessandra Ambrosio Images are a series of photographs depicting Alessandra Ambrosio wearing red and black stripes on her way to a photoshoot in Los Angeles. The Alessandra Ambrosio Images were

registered to BackGrid with the U.S. Copyright Office as Registration No. VA 2-137-622 (eff. Feb. 6, 2019), in compliance with the Copyright Act.

27. *Olivia Culpo Images*. The Olivia Culpo Images are a series of photographs depicting Olivia Culpo wearing a shear black top outside of The Ivy in Los Angeles. The Olivia Culpo Images were registered to BackGrid with the U.S. Copyright Office as Registration No. VA 2-140-026 (eff. Feb. 22, 2019), in compliance with the Copyright Act.

28. *Jenna Dewan Images*. The Jenna Dewan Images are a series of photographs depicting Jenna Dewan running errands and visiting a bagel shop in Los Angeles. The Jenna Dewan Images were registered to BackGrid with the U.S. Copyright Office as Registration No. VA 2-142-356 (eff. March 6, 2019), in compliance with the Copyright Act.

29. *Emma Roberts Images 1*. The Emma Roberts Images 1 are a series of photographs depicting Emma Roberts wearing a fanny pack while out grabbing coffee. The Emma Roberts Images 1 were registered to BackGrid with the U.S. Copyright Office as Registration No. VA 2-093-300 (eff. Feb. 26, 2018), in compliance with the Copyright Act.

30. *Emma Roberts Images 2*. The Emma Roberts Images 2 are a series of photographs depicting Emma Roberts wearing a jean skirt while out grabbing an early dinner at Messhall in Los Angeles. The Emma Roberts Images 2 were registered to BackGrid with the U.S. Copyright Office as Registration No. VA 2-135-724 (eff. Jan. 20, 2019), in compliance with the Copyright Act.

31. *Halle Berry Images*. The Halle Berry Images are a series of photographs depicting Halle Berry visiting the Los Angeles Theatre Centre with a friend. The Halle Berry Images were registered to BackGrid with the U.S. Copyright Office as Registration No. VA 2-125-124 (eff. Oct. 12, 2018), in compliance with the Copyright Act.

32. *Lucy Hale Images.* The Lucy Hale Images are a series of photographs depicting Lucy Hale attending a Muay Thai class. The Lucy Hale Images were registered to BackGrid with the U.S. Copyright Office as Registration No. VA 2-125-119 (eff. Oct. 12, 2018), in compliance with the Copyright Act.

33. *Miley Cyrus Images.* The Miley Cyrus Images are a series of photographs depicting Miley Cyrus and her dog on a hike. The Miley Cyrus Images were registered to BackGrid with the U.S. Copyright Office as Registration No. VA 2-093-299 (eff. Feb. 26, 2018), in compliance with the Copyright Act.

34. *Sofia Richie Images.* The Sofia Richie Images are a series of photographs depicting Sofia Richie doing some shopping. The Sofia Richie Images were registered to BackGrid with the U.S. Copyright Office as Registration No. VA 2-050-061 (eff. Dec. 20, 2016), in compliance with the Copyright Act.

35. *Vanessa Hudgens Images.* The Vanessa Hudgens Images are a series of photographs depicting Vanessa Hudgens stopping for an iced coffee on Labor Day. The Vanessa Hudgens Images were registered to BackGrid with the U.S. Copyright Office as Registration No. VA 2-079-861 (eff. Nov. 30, 2017), in compliance with the Copyright Act.

**B. Defendant's Unauthorized Uses**

36. Neither BackGrid nor BestImage licensed the Photographs to Defendants. Nevertheless, Defendants used the Photographs without authorization or permission from Plaintiffs to do so.

37. Specifically, on October 18, 2017, Michele Marie PR copied the Alicia Vikander Images and distributed them by email, via press release, to an unknown number of recipients.

38. Michele Marie PR used a photograph from the Sofia Richie Images by copying and displaying it on Instagram on September 20, 2016.

39. Michele Marie PR used a photograph from the Vanessa Hudgens Images by copying and displaying it on Instagram on September 5, 2017. Parker Smith also posted the photograph from the Vanessa Hudgens Images on Instagram.

40. Michele Marie PR used a photograph from the Miley Cyrus Images by copying and displaying it on Instagram on December 29, 2017. Paradised also posted the photograph from the Miley Cyrus Images on Instagram.

41. Michele Marie PR used a photograph from the Emma Roberts Images 1 by copying and displaying it on Instagram on February 21, 2018.

42. Michele Marie PR used a photograph from the Elle Fanning Images Images by copying and displaying it on Instagram and Twitter on February 26, 2018. KiraGrace also posted the photograph from the Elle Fanning Images on Instagram.

43. Michele Marie PR used a photograph from the Halle Berry Images by copying and displaying it on Instagram and Twitter on July 16, 2018.

44. Michele Marie PR used a photograph from the Lucy Hale Images by copying and displaying it on Instagram on July 19, 2018.

45. Michele Marie PR used a photograph from the Emma Roberts Images 2 by copying and displaying it on Instagram on October 24, 2018 and again on October 26, 2018. Miranda Frye used a different photograph from the Emma Roberts Images 2 by copying and displaying it on Instagram on October 24, 2018. K Kane used the same photograph used by Miranda Frye from the Emma Roberts Images 2 by copying and displaying it on Instagram on October 24, 2018.

46. Michele Marie PR used a photograph from the Cindy Crawford Images by copying and displaying it on Instagram on November 9, 2018.

47. Michele Marie PR used a photograph from the Alessandra Ambrosio Images by copying and displaying it on Instagram on November 21, 2018.

48. Michele Marie PR used a photograph from the Olivia Culpo Images by copying and displaying it on Instagram on November 27, 2018.

49. Michele Marie PR used a photograph from the Jenna Dewan Images by copying and displaying it on Instagram on December 19, 2018.

50. The Photographs are highly creative, distinctive, and valuable. Because of the subjects' celebrity status in France, Europe, the United States, and beyond, and the Photographs' quality and visual appeal, plaintiffs stood to gain revenue from the licensing of the Photographs.

51. Defendants' unauthorized use harms the existing and future market for the original Photographs. In addition, defendants' unauthorized use is expressly commercial in nature.

### C. Facts Supporting a Finding of Willful Infringement

52. On information and belief, at the time that defendants copied, displayed, and distributed the Photographs, they knew or should have known that they did not have authorization or permission to do so and, consequently, that their actions would violate the copyright laws.

53. For example, access logs that BackGrid maintains shows that at approximately 7:57 a.m. on October 18, an agent or employee of Michele Marie PR logged in to the BackGrid portal and viewed the image set containing the Alicia Vikander Images. (*See* Figure 1.) Later that same day, Michele Marie PR emailed the press release containing the Alicia Vikander Image.

| 10/18/2017 | 07:37:12 | Michele Marie PR | Liz Gemmill | VIEWED FILE BGUS_1024712_018 (EXCLUSIVE) |
| 10/18/2017 | 07:36:57 | Michele Marie PR | Liz Gemmill | VIEWED SET BGUS_1024712 (EXCLUSIVE) |

*Figure 1*

54. Michele Marie PR has had access to BackGrid's content portal since December 9, 2015.

55. By viewing the images in BackGrid's database, Michele Marie PR knew or should have known that the images there were subject to copyright. Copyright management information was displayed on each image in the database, and the images in the database are expressly made available for licensing. Consequently,

Michele Marie PR knew or should have known that authorization was required before such images could be copied or distributed.

56. Nevertheless, on information and belief, after accessing the BackGrid portal and seeing at least some of the Photographs, Michele Marie PR searched the Internet for those Photographs so that it could copy them into its press release promoting other brands, including the Brand Defendants.

57. On information and belief, Michele Marie PR found images of Alicia Vikander wearing Ragdoll LA clothing posted on the JustJared.com website, copied them, and placed them in its press release for distribution.

58. The images that Michele Marie PR found on the JustJared.com website were posted there with credit to BackGrid.

59. On information and belief, Michele Marie PR viewed at least nine of the Photographs (the Jenna Dewan Images, Alessandra Ambrosio Images, Cindy Crawford Images, Lucy Hale Images, Halle Berry Images, Emma Roberts Images 1 and 2, Sofia Richie Images, and Vanessa Hudgens Images) on BackGrid's database before copying the Photographs from other websites and displaying them on Instagram and Twitter and distributing them via press releases.

60. Additionally, on more than one occasion agents of Michele Marie PR inquired about the cost of licensing images from BackGrid but did not pay for such licenses. Accordingly, Michele Marie PR knew or should have known that those images were not available for copying or distribution without a license.

61. Finally, plaintiffs put defendants on notice of its infringing conduct, but the infringement continued. Plaintiffs' agent for copyright enforcement sent a letter to Michele Marie PR and Ragdoll LA on December 13, 2017, notifying defendants that each was not authorized to use the Alicia Vikander Images. After defendants acknowledged receipt but refused to settle the claim, Michele Marie PR proceeded to use the Miley Cyrus Images, Emma Roberts Images 1 and 2, Elle Fanning Images,

Halle Berry Images, Lucy Hale Images, Cindy Crawford Images, Alessandra Ambrosio Images, Olivia Culpo Images, and Jenna Dewan Images.

## CLAIM ONE

**(For Copyright Infringement – Against All Defendants)**

62. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

63. The foregoing acts of defendants constitute infringements of plaintiffs' copyrights in the Photographs in violation of 17 U.S.C. §§ 501 et seq.

64. Plaintiffs suffered damages as a result of defendants' unauthorized use of the Photographs.

65. Defendants' acts, as alleged above, were made with the knowledge that such acts would constitute copyright infringement. Defendants' acts therefore were willful, intentional, and malicious, further subjecting defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per work infringed. Within the time permitted by law, plaintiffs will make their election between actual damages and statutory damages.

## CLAIM TWO

**(For Vicarious and/or Contributory Copyright Infringement –**

**Against the Brand Defendants)**

66. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

67. Plaintiffs are informed and believe and on that basis allege that the Brand Defendants knowingly induced, participated in, aided and abetted in, and/or profited from Michele Marie PR's unauthorized reproduction and/or subsequent distribution of the Photographs.

68. Plaintiffs are informed and believe and on that basis allege that the Brand Defendants, and each of them, are vicariously liable for the infringement alleged above because they had the right and ability to supervise the infringing conduct of Michele Marie PR and because they had a direct financial interest in the infringing conduct of Michele Marie PR.

69. By reason of each of the Brand Defendants' acts of contributory and vicarious infringement as alleged above, plaintiffs have suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

70. Defendants' acts, as alleged above, were made with the knowledge that such acts would constitute copyright infringement. Defendants' acts therefore were willful, intentional, and malicious, further subjecting defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per work infringed. Within the time permitted by law, plaintiffs will make their election between actual damages and statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs requests the following:

A. For a preliminary and permanent injunction against defendants and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell plaintiffs' Photographs described in the Complaint;

B. For an order requiring defendants to account to plaintiffs for their profits and any damages sustained by plaintiffs arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of plaintiffs' copyrights—including digital copies or any other means by which they could be used again by defendants without plaintiffs' authorization—as well as all related records and documents.

D. For actual damages and all profits derived from the unauthorized use of plaintiffs' Photographs or, where applicable and at plaintiffs' election, statutory damages.

E. For an award of pre-judgment interest as allowed by law;

F. For reasonable attorney fees;

G. For court costs, expert witness fees, and all other amounts authorized under law.

H. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demands a trial by jury of all issues permitted by law.

Dated: March 25, 2019         Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:   /s/ Peter Perkowski
         Peter E. Perkowski

         Attorneys for Plaintiffs BACKGRID USA, INC. and BESTIMAGE